## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE:                              )
REVSTONE INDUSTRIES, LLC,           )  Bank. No. 12-13262 (BLS)
et al.,                             )
                                    )
          Reorganized Debtors.      )


ASCALON ENTERPRISES LLC,            )
                                    )
          Appellant,                )
                                    )
     v.                             )  Civ. No. 15-347-SLR
                                    )
REVSTONE INDUSTRIES, LLC,           )
                                    )
          Appellee.                 )

### MEMORANDUM ORDER

At Wilmington this 30th day of March, 2016, having reviewed the appeal taken by

appellant Ascalon Enterprises LLC ("Ascalon") from the order confirming the debtors'

joint chapter 11 plan of reorganization ("the Confirmation Order"), and the papers filed

in connection therewith;

IT IS ORDERED that the Confirmation Order is affirmed and the appeal denied,

for the reasons that follow:

1. **Standard of review.** This court has jurisdiction to hear an appeal from the

bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues

on appeal, the court applies a clearly erroneous standard to the bankruptcy court's

findings of fact and a plenary standard to that court's legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101–02 (3d Cir. 1981)). The district court's appellate responsibilities are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. *In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

2. **Background.** Appellee Revstone Industries, LLC ("Revstone") is a holding company, with its primary assets being its equity interests in approximately 32 direct and indirect subsidiaries. Revstone, along with a sister holding company and various of their subsidiaries have filed voluntary chapter 11 petitions in bankruptcy court. On January 27, 2014, Revstone commenced adversary proceedings against Ascalon, the sole member of Revstone, seeking recovery (*inter alia*) of millions of dollars of alleged fraudulent transfers. On January 20, 2015, Revstone and the other debtors filed their joint plan of reorganization ("the Plan"), which was confirmed by the bankruptcy court at a hearing held on March 5, 2015. The Confirmation Order was entered on March 23, 2015. (D.I. 15, ex. 1) Each of the conditions precedent to consummation of the Plan

2

were satisfied or waived, and the effective date of the Plan was June 24, 2015. (D.I. 15, ex. 5)

3. According to the disclosure statement filed in connection with the Plan, Ascalon filed a limited objection to the Plan: "Ascalon does not object to confirmation of the plan as a plan or liquidation, but objects to confirmation of the plan as a plan or reorganization." (D.I. 15, ex. 3 at 1) The objection, and the current appeal, are based on Ascalon's argument that the business of implementing the Plan (see, e.g., D.I. 15, ex. 2 at 48) is more consistent with a plan of liquidation than with a plan of reorganization. Pursuant to 11 U.S.C. § 1141(d)(3)(A), "the confirmation of a plan does not discharge a debtor if – the plan provides for the liquidation of all or substantially all of the property of the estate." Moreover, according to Ascalon, the feasibility requirement of 11 U.S.C. § 1129(a)(11) was not satisfied because the "projected obligations under Revstone's plan are payments to creditors, not ongoing operations." (D.I. 13 at 5)

4. **Analysis.** The court is not persuaded by Ascalon's arguments. In the first instance, § 1141(d)(3) is written in the conjunctive; in other words, to preclude the discharge of a corporate debtor, a plan must provide for the liquidation of substantially all of its assets **and** the debtor must not engage in business after plan consummation. Each of these requirements presents a factual question. It was not clear error for the bankruptcy court to find that the Plan was not a liquidation plan or to find that the Plan does not bar Revstone from "engaging in business" after the consummation of the Plan. With respect to the "ongoing business" of Revstone, it is a holding company with

3

principal assets comprised of its interests in operating non-debtor subsidiaries.

Pursuant to the Plan, Revstone must engage in business after plan consummation by administering its assets in a manner that will optimize their value. Until the assets can be monetized within the parameters agreed to by the parties, Revstone will be engaged in managing its assets in much the same manner as it did pre-confirmation. Therefore, under the totality of the circumstances, the bankruptcy court did not err in confirming a plan of reorganization rather than a plan of liquidation. None of the cases cited by Ascalon are on point and, therefore, none persuade the court otherwise.

5. **Conclusion.** For the reasons stated above, the appeal is denied[1] and the Confirmation Order is affirmed.

United States District Judge

---

[1]Given the lack of timely objection or cross-appeal, the court does not address the issue of standing.

4